IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KANEISHA HARRIS, ) | |
| ) | Case No.: |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| O'REILLY AUTO PARTS ) | |
| DISTRIBUTION CENTER a/k/a ) | |
| O'REILLY AUTOMOTIVE STORES, ) | |
| INC., ) | |
| Serve Registered Agent: ) | |
| CT CORPORATION SYSTEM ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri 63105 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Kaneisha Harris, by and through the undersigned counsel and states and alleges as follows for her Complaint against the above-named Defendant O'Reilly Auto Parts Distribution Center a/k/a O'Reilly Automotive Stores, Inc.:

## INTRODUCTION

1. In violation of the American with Disabilities Act ("ADA"), Plaintiff, while an employee of Defendant, was subjected to unlawful discrimination based on her status as an individual with a disability/perceived disability.

2. Plaintiff also brings a claim for wrongful termination in violation of public policy for Plaintiff's assertion of a workers' compensation claim and request for benefits provided by such law.

3. Plaintiff seeks compensatory and punitive damages against Defendant.

## PARTIES

4. Plaintiff is and was at all times relevant to the allegations contained herein a Missouri resident and employee of Defendant O'Reilly Auto Parts Distribution Center a/k/a O'Reilly Automotive Stores, Inc.

5. Defendant O'Reilly Auto Parts Distribution Center a/k/a O'Reilly Automotive Stores, Inc is and was at all times relevant to the allegations contained herein, a domestic corporation with its principal place of business in Missouri and can be served through its registered agent, CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

6. Defendant was the employer of Plaintiff during the time she was employed within the meaning of the Missouri Human Rights Act.

7. At all times relevant herein and based on information and belief, Defendant formed an integrated enterprise that employed Plaintiff or was Plaintiff's joint employer.

## JURISDICTION AND VENUE

8. The discriminatory conduct alleged herein occurred in Jackson County, Missouri. Additionally, the wrongful termination of Plaintiff, in violation of public policy, occurred in Jackson County, Missouri.

9. Jurisdiction in this Court is proper. Jurisdiction over Plaintiff's ADA claim is based upon 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant in its warehouse at the Distribution Center in Kansas City, Missouri until her last day of work on August 30, 2018.

11. Plaintiff worked on the warehouse floor for Defendant where she was injured when she fell from a step stool.

12. On March 6, 2018, Plaintiff suffered a serious on-the-job injury. More specifically, while working in Defendant's warehouse she fell from a step stool injuring her ankle and foot.

13. At the date of her injury, Plaintiff presented to the Emergency Room and was discharged with instructions to stay off of her foot.

14. As a result of the incident, Plaintiff was sent to Defendant's chosen health care provider and cleared by them to go back to work with some restrictions, even though her ankle and foot were clearly swollen.

15. Plaintiff was not paid for her missed time off of work for her on-the-job injury until she reported to Defendant's Corporate Office about Defendant's Human Resources Representative at the Distribution Center.

16. Over the next few months, Plaintiff endured pain and suffering in her ankle and foot.

17. Defendant, by and through its Human Resources office, did not allow Plaintiff to wear her hospital-provided splint and crutches and failed to follow Plaintiff's work restrictions.

18. Plaintiff was prescribed physical therapy for her injury. When Plaintiff was unable to attend physical therapy due to transportation issues, Defendant informed her that she would be put back on full duty.

19. After a number of months of no improvement, Defendant's doctor ordered an MRI finding that Plaintiff had multiple torn ligaments, fractures and clotted fluid.

20. After another two weeks of working full duty, Plaintiff was referred to an orthopedic surgeon. The surgeon put Plaintiff on light sedentary duty and scheduled her for surgery July 19, 2018.

21. Plaintiff reported back to work on August 15, 2018 with work restrictions including but not limited to no weight bearing activity, sedentary work only, no aerial/ladder work, no lifting of any kind, and that she needed to keep her foot elevated with ice application.

22. Following a fall from her crutches that day, Plaintiff notified Defendant that she was being sent to get her cast recalibrated the next morning.

23. The next morning, August 16th, Plaintiff presented at the doctor's office, got her case recalibrated and arrived at work approximately an hour and a half late.

24. Plaintiff presented a doctor's note to Defendant's Human Resources Representative who stated that Plaintiff would be held accountable as she did not believe that Plaintiff went to the doctor.

25. On August 16, 2018, Plaintiff's work restrictions were honored by Defendant.

26. On August 17, 2018, Plaintiff was told to go to Defendant's warehouse requiring her to walk approximately 230 yards to the receiving office to do paperwork.

27. In order to get to Defendant's receiving office, Plaintiff would have to travel through Defendant's warehouse which does not permit the use of crutches or open-toed shoes. Plaintiff was still in a cast and on crutches at this time.

28. Plaintiff was accused of refusing to do her work by Defendant's Human Resources Representative and sent home.

29. Once again, Plaintiff was denied her pay by Defendant's Human Resources Representative at the Distribution Center.

30. Plaintiff was off of work until her doctor's appointment on August 29, 2018, her second post-operative appointment, when she had her cast removed.

31. Plaintiff went back to work with her foot in a boot and with the same restrictions, except that she could bear more weight.

32. On August 30, 2018, Plaintiff was constructively discharged from her employment with Defendant.

33. Plaintiff filed a workers' compensation claim as it relates to her medical treatment, temporary workers' compensation disability benefits and the permanent injuries she sustained.

34. As a result of the incident, Plaintiff suffered permanent injury to her ankle and foot.

35. As a result of the injuries sustained, Plaintiff suffered and continues to suffer from her on-the-job injury to date.

36. Defendant was aware of Plaintiff's disability/perceived disability as it relates to her ankle and foot injuries.

37. At all times relevant herein, before and after, the above individuals were agents, servants and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or perpetrators under all theories pled herein.

38. The conduct set forth herein constitutes a continuing violation of the ADA.

39. Based on information and belief, the true reasons for Plaintiff's termination were her status as an individual with a disability/perceived disability and/or her exercising of her rights under the workers' compensation laws.

## CONDITION PRECEDENT

40. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission. A copy of the charge is attached hereto as Exhibit A and incorporated herein by reference.

41. Plaintiff received a copy of his Notice of Right to Sue pursuant to the Equal Employment Opportunity Commission. A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.

42. This action has been timely filed with this Court and Plaintiff has met all conditions precedent to the filing of this action.

## COUNT I
### ADA-Disability Discrimination
### 42 U.S.C. § 12101, *et seq*.

43. Plaintiff incorporates herein by reference the preceding paragraphs as if fully set forth herein.

44. At all relevant times, Plaintiff was disabled within the meaning of the ADA.

45. Defendant's termination of Plaintiff due to her disability/perceived disability constitutes discriminatory conduct.

46. Plaintiff's disability/perceived disability was a factor in the discriminatory conduct she experienced and suffered.

47. The discriminatory conduct included, but was not limited to, Plaintiff's unlawful termination. Defendant engaged in conduct that is prohibited by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

48. Plaintiff's terms and conditions of employment were adversely affected as a result of Defendant's conduct.

49. Defendant's conduct caused Plaintiff degradation, humiliation, anxiety and emotional distress.

50. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

51. Management level employees perpetuated the discrimination based on Plaintiff's status as a disabled/perceived disabled individual, including terminating Plaintiff because of her disability/perceived disability.

52. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's disability/perceived disability, but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

53. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Kaneisha Harris prays for judgment in her favor and against Defendant O'Reilly Auto Parts Distribution Center a/k/a O'Reilly Automotive Stores, Inc. on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. § 12101, *et seq.*; for an award of compensatory and punitive damages, for her costs expended, for her reasonable attorneys' fees and for such other relief as this Court deems just and proper.

## COUNT II
## Wrongful Termination in Violation of Public Policy

54. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

55. Plaintiff availed herself of the workers' compensation benefits under the laws of the State of Missouri, in particular, Workers' Compensation Law, R.S.MO. 287.010 *et seq.*

56. Under Section 287.010 of the Missouri Revised Statutes, Defendant had a duty to furnish compensation and/or treatment to Plaintiff for her injuries, which arose out of the course and scope of her employment with Defendant.

57. Under Section 287.780 of the Missouri Revised Statutes, Defendant is prohibited from discharging or discriminating in any other way against Plaintiff for exercising her rights under the Workers' Compensation Law.

58. Plaintiff reported her work place injury and need for medical treatment. Plaintiff also made a claim for workers' compensation benefits seeking medical treatment, temporary workers' compensation disability benefits, a permanent partial disability rating and compensation related to the same.

59. Defendant constructively discharged Plaintiff after returning to work with restrictions from her health care provider for her on-the-job injury.

60. Plaintiff's exercise of her rights under the Workers' Compensation Laws contributed to the decision of Defendant to terminate Plaintiff's employment.

61. Defendant violated the law and public policy of the State of Missouri by discharging Plaintiff from her employment because due to her exercising of rights under the Workers' Compensation Law, R.S.Mo. Chapter 287.00 *et seq.*

62. As a direct and proximate cause of the alleged wrongful termination, Plaintiff has incurred and will continue to incur damages, including emotional distress and lost wages.

63. Defendant's conduct in terminating Plaintiff's employment, when exercising her workers' compensation rights, was done intentionally, wantonly and with a conscious disregard for Plaintiff's rights. Defendant's conduct renders it liable for punitive damages in an amount sufficient to punish Defendant and to deter Defendant and others from engaging in similar conduct.

WHEREFORE, Plaintiff Kaneisha Harris prays for judgment in her favor and against Defendant O'Reilly Auto Parts Distribution Center a/k/a O'Reilly Automotive Stores, Inc. on Count II of the Complaint, in the form of compensatory damages, including emotional distress and lost wages, for punitive damages, for costs expended, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, hereby demands a jury trial on all counts of the Complaint.

Respectfully submitted,

**LAUREN ALLEN, LLC**

By: */s/ Lauren Perkins Allen*
Lauren Perkins Allen, MO Bar# 49845
2345 Grand Boulevard, Suite 1600
Kansas City, Missouri 64108
Telephone: 816.877.8120
Facsimile: 816.817.1120
Email: lpa@laurenallenllc.com

**ATTORNEY FOR PLAINTIFF**